IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS R. HILL,
ESTATE OF PATRICIA K. HILL and
HOUSE WINE, LLC.,

       Plaintiffs,

v.                                                                                   No. 1:26-cv-00889-KK[1]

LINDA M. LOPEZ,
U.S. NEW MEXICO STATE SENATE,
CITY OF ALBUQUERQUE,
BERNALILLO COUNTY,
U.S. DEPARTMENT OF JUSTICE, and
U.S. DEPARTMENT OF THE TREASURY,

       Defendants.

**ORDER TO SHOW CAUSE**

      **THIS MATTER** comes before the Court on *pro se* Plaintiffs' Civil Rights Complaint

Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 24, 2026 ("Complaint").

      The Court has identified some deficiencies in the Complaint, described below, and orders

Plaintiffs to show cause why the Court should not dismiss this case based on those deficiencies.

*See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2

(10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 2, filed March 24, 2026. Plaintiff Luis R. Hill has paid the filing fee. *See* Doc. 3, March 24, 2026. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

The 18-page single-spaced Complaint includes several lengthy paragraphs designated by numbers and letters. Many of the allegations are comments and opinions regarding federal, state and local governmental actions and the effects of those actions on the public or are vague statements regarding wrongful acts. The Complaint does not clearly explain what each Defendant did to Plaintiffs and when they did it. The Complaint contains statements about people who are not defendants and briefly describes their actions without explaining how those actions are relevant to Plaintiffs' claims. The Complaint names six Defendants but does not identify which of the three claims Plaintiffs are asserting against each Defendant. The Complaint fails to state civil rights claims pursuant to 42 U.S.C. § 1983. It appears that some of the Defendants may be immune from this lawsuit.

As a result of the deficiencies identified above, the Complaint does not give Defendants fair notice of the grounds upon which Plaintiffs are basing their claims. *See Howl v. Alvarado*, 783 Fed.Appx. 815, 817-18 (10th Cir. 2019) ("Although 'a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'") (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)).

"[T]his court has long recognized that defendants are prejudiced by having to respond to pleadings [that are] wordy and unwieldy," and "judges ... have their task made immeasurably more difficult by pleadings [that are] rambling...." *United States v. Celio*, 388 Fed.Appx. 758, 761 (10th Cir. 2010) (quoting *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1162-63 (10th Cir. 2007)). "Courts have 'obligations to *pro se* litigants' to provide 'some modest additional

explanation' regarding the format of filings because they 'are not expected to understand what recitations are legally essential and which are superfluous.'" *Id.*

The Court orders Plaintiffs to file an amended complaint and provides the following explanations regarding the amended complaint. The amended complaint must set forth Plaintiffs' allegations in uniquely numbered, double-spaced paragraphs. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"); D.N.M.LR-Civ. 10.1 ("Except for footnotes and quotations, the text of all documents must be double spaced").

**Representation of Plaintiff Estate**

Plaintiff Luis R. Hill, who is bringing this action on behalf of the Estate of Patricia K. Hill, is not an attorney authorized to practice before this Court. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). One purpose of the rule against *pro se* litigants representing another party is to protect the interests of the represented party.

Some jurisdictions allow a plaintiff to represent an estate only if he is the sole beneficiary of the estate and there are no creditors. *See Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 211 (5th Cir. 2016) ("A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors"); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("the sole beneficiary of an estate without creditors may represent the estate pro se"); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("We hold that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate"). This Court's Local Rules, however, require that an "entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7.

3

Plaintiff Luis R. Hill shall, within 30 days of entry of this Order, either (i) have an attorney authorized to practice in this Court enter his or her appearance on behalf of the Estate; or (ii) show cause why the Court should allow him to represent the Estate *pro se*. If Plaintiff Luis R. Hill contends that the Court should allow him to represent the Estate *pro se*, he must also conclusively demonstrate, with supporting documentation, that: (i) Plaintiff Luis R. Hill is, or can be, the appointed personal representative of the Estate; (ii) he is the sole beneficiary of the Estate; and (iii) there are no creditors. Failure to timely have an attorney enter an appearance or for Plaintiff Luis R. Hill to demonstrate he may represent the Estate *pro se* may result in dismissal of the Estate's claims.

**Representation of Plaintiff House Wine, LLC**

Plaintiff House Wine, LLC is not represented by an attorney authorized to practice before this Court. *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court). The Court orders Plaintiff House Wine, LLC to have an attorney authorized to practice before this Court enter an appearance on behalf of House Wine, LLC within 30 days of entry of this Order. Failure to do so may result in dismissal of Plaintiff House Wine, LLC's claims.

**Identification of Defendants**

The Complaint names "U.S. New Mexico State Senate" as a defendant. *See* Complaint at 1. It is not clear whether Plaintiffs are asserting claims against the United States Senate, the New Mexico Senate or both. The amended complaint must clearly identify each defendant in this case. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

**Plausible Statements of Claims**

The Complaint fails to state a plausible claim upon which relief can be granted as to each Defendant.

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

The amended complaint must explain what each defendant did to Plaintiff Luis R. Hill, when each defendant did it, how each defendant's action harmed Plaintiff Luis R. Hill, and, what specific legal right Plaintiff Luis R. Hill believes each defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). It is helpful if the amended complaint includes a section for each defendant that sets forth the factual allegations regarding that defendant. The amended complaint must clearly indicate which Defendants Plaintiffs are asserting each claim or count against. The amended complaint does not need to repeat factual allegations in each claim; the amended complaint may incorporate previous factual allegations by reference.

**Claims Pursuant to Federal Law**

The title of the Complaint indicates Plaintiffs are asserting civil rights claims pursuant to 42 U.S.C. § 1983. *See* Complaint at 1. However, none of the three claims in the Complaint assert Section 1983 claims. *See* Complaint at 2 ("Count I: Fraud, by Conspiracy or Unless they Affect the administration of Justice or Both"); at 6 ("Count II: Using False Weights, Measures or Inspections, and With Perverted Minds Falsify the Laws Through Public Officials"); at 11 ("Count III: Vending Unwholesome Provisions"). If Plaintiffs wish to assert civil rights claims pursuant to Section 1983, the amended complaint must clearly identify which defendant deprived Plaintiffs of a federally protected right and identify the relevant federally protected rights. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law").

If Plaintiffs assert claims pursuant to federal laws other than 42 U.S.C. § 1983, the amended complaint "must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

**Jurisdiction Over Claims Against State of New Mexico Defendants**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

6

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

It appears the Court lacks jurisdiction over Plaintiffs' claims against the New Mexico State Senate and New Mexico Senator Linda M. Lopez in her official capacity due to Eleventh Amendment sovereign immunity.  "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states":

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citing *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)); *see also Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state") (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013)); *Catanach v. Thomson*, 718 F. App'x 595, 597, 599-600 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . *unless a declaratory decree was violated or declaratory relief was unavailable.*'") (emphasis added) (quoting 42 U.S.C. § 1983).  In this case, there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiffs' claims against Defendants New Mexico Senate or New Mexico Senator Linda M. Lopez.

**Jurisdiction Over Claims Against Federal Defendants**

It appears the Court does not have jurisdiction over Plaintiffs' claims against the United States Department of Justice and the United States Department of the Treasury. "The United States is immune from suit unless Congress has expressly waived its sovereign immunity." *High Lonesome Ranch, LLC v. Bd. Of County Comm'rs for the County of Garfield*, 61 F.4th 1225, 1237 (10th Cir. 2023)) (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983)).

> "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." [*F.D.I.C. v.*] *Meyer*, 510 U.S. [471,] at 475. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Id.* (internal quotation marks omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).
>
> Thus, "jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *Speidell v. United States*, 978 F.3d 731, 745–46 (10th Cir. 2020) (brackets and internal quotation marks omitted). Additionally, "[a] suit against a [federal] government agent in his official capacity is treated as a suit against the government." *Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015).

*Clark v. Haaland*, 2024 WL 4763759 *7 (10th Cir.). There are no allegations showing that the United States has waived its sovereign immunity from this suit. If Plaintiffs wish to assert claims against the United States Department of Justice or the United States Department of the Treasury, the amended complaint must clearly demonstrate that the United States has waived its sovereign immunity.

**Claims Against City of Albuquerque and Bernalillo County**

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendants City of Albuquerque and Bernalillo County. "The Supreme Court has made clear that 'a local

8

government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" *Waller v. City and County of Denver*, 932 F.3d 1277, 1283-84 (10th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. *754 Servs.,* 436 U.S. 658, 694 (1978)).  There are no allegations explaining which City of Albuquerque and Bernalillo County employees deprived Plaintiffs of federally protected rights and how they did it.  Nor are there any allegations showing that a City or County policy or custom was the moving force behind any constitutional violations.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been

interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiffs shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case for the reasons stated above; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of

10

this case.   The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**