**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LUIS R. HILL,
ESTATE OF PATRICIA K. HILL and
HOUSE WINE, LLC,

       Plaintiffs,

v.                                     No. 1:26-cv-00889-KG-KK

LINDA M. LOPEZ,
U.S. NEW MEXICO STATE SENATE,[1]
CITY OF ALBUQUERQUE,
BERNALILLO COUNTY,
U.S. DEPARTMENT OF JUSTICE, and
U.S. DEPARTMENT OF THE TREASURY,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

*Pro se* Plaintiff Luis R. Hill ("Plaintiff Hill") filed this case on behalf of himself and on

behalf of the Estate of Patricia K. Hill and House Wine, LLC. *See* Civil Rights Complaint Pursuant

to 42 U.S.C. § 1983, Doc. 1, filed March 24, 2026 ("Complaint"). This case apparently arises

from, among other things, Plaintiff Hill's dissatisfaction with a state court's resolution of Patricia

Hill's will, a search of her home, the failure of government officials to issue a permit for a winery

and an on-site vineyard, alleged bribery of government officials, the failure of the United States

Senate and the New Mexico Senate to enact legislation against fraud, bribery, corruption and

criminal drug behavior, and the failure of various government officials to enforce existing laws

---

[1] The original Complaint named "U.S. New Mexio State Senate" as a defendant. United States
Magistrate Judge Kirtan Khalsa notified Plaintiffs it is not clear whether Plaintiffs are asserting
claims against the United States Senate, the New Mexico Senate or both and that the amended
complaint must clearly identify each defendant in this case. *See* Order to Show Cause at 4, Doc. 5,
filed March 27, 2026. Despite Judge Khalsa's notification, the caption of the Amended Complaint
also names "U.S. New Mexio State Senate" as a defendant. Amended Complaint at 1, Doc. 6,
filed April 10, 2026. The Court construes the Amended Complaint as asserting claims against
both the United States Senate and the New Mexico Senate.

regarding criminal drug behavior.  Plaintiff Hill alleged that his, the Estate's and House Wine, LLC's constitutional rights have been violated by Defendants' actions.  *See* Complaint at 2. Plaintiffs also asserted state-law claims for conversion and fraud.  *See* Complaint at 1-2.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff Hill of several deficiencies in the Complaint and ordered Plaintiff Hill to file an amended complaint.  *See* Order to Show Cause, Doc. 5, filed March 27, 2026.  Plaintiff Hill timely filed an Amended Complaint.  *See* Doc. 6, filed April 10, 2026.  For the reasons that follow, the Court dismisses this case without prejudice.

**Claims Against the State Defendants**

Judge Khalsa notified Plaintiffs it appears the Court lacks jurisdiction over Plaintiffs' claims against the New Mexico State Senate and State Senator Linda M. Lopez in her official capacity due to Eleventh Amendment sovereign immunity and explained:

> "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states":
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Id.* (citing *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)); *see also Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state") (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013)); *Catanach v. Thomson*, 718 F. App'x 595, 597, 599-600 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . *unless a declaratory decree was violated or declaratory relief was unavailable.*'") (emphasis added) (quoting 42 U.S.C. § 1983).  In this case, there

2

are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiffs' claims against Defendants New Mexico Senate or New Mexico Senator Linda M. Lopez.

Order to Show Cause at 7.

Plaintiff states in his Amended Complaint that:

The Plaintiffs' [sic] may bring suit against individual state officers acting in their official capacities at the federal, state legislature in the capital and local state legislature, county and city for ongoing violations of federal laws . . . The Federal courts are courts of limited jurisdiction – limited to authority expressly conferred by the Constitution and laws of the United States, but once jurisdiction is established, unlimited in the scope of its exercise . . .

Amended Complaint at 4.  Plaintiff also asserts that the Constitution provides federal courts with "the power of declaring void acts of Congress or of the State of New Mexico legislatures which conflict with the Constitution of the United States."  Amended Complaint at 6.  Plaintiff does not, however, identify any federal or state statutes that conflict with the Constitution.

The Court dismisses Plaintiffs' claims pursuant to 42 U.S.C. § 1983 against the New Mexico Senate and New Mexico Senator Linda M. Lopez for lack of jurisdiction.  Plaintiff has not identified any legal authority showing that the State of New Mexico consented to suit in this Court for Plaintiffs' Section 1983 claims or that Congress abrogated New Mexico's constitutional immunity to those claims.  Plaintiff's reference to the *Ex parte Young* exception for prospective injunctive relief against State Senator Linda M. Lopez fails to show that the Court can grant Plaintiff's requested relief.  "Legislators, exercising their legislative functions, are among those defendants entitled to absolute immunity."  *Gays Against Groomers v. Garcia*, 169 F.4th 981, 992 (10th Cir. 2026) (discussing "persons" subject to suit under Section 1983) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

**Claims Against the Federal Defendants**

Judge Khalsa notified Plaintiffs it appears the Court does not have jurisdiction over Plaintiffs' claims against the United States Defendants based on sovereign immunity and explained:

> "The United States is immune from suit unless Congress has expressly waived its sovereign immunity." *High Lonesome Ranch, LLC v. Bd. Of County Comm'rs for the County of Garfield*, 61 F.4th 1225, 1237 (10th Cir. 2023)) (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983)).
>
>> "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." [*F.D.I.C. v.*] *Meyer*, 510 U.S. [471,] at 475. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Id.* (internal quotation marks omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).
>>
>> Thus, "jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *Speidell v. United States*, 978 F.3d 731, 745–46 (10th Cir. 2020) (brackets and internal quotation marks omitted). Additionally, "[a] suit against a [federal] government agent in his official capacity is treated as a suit against the government." *Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015).
>
> *Clark v. Haaland*, 2024 WL 4763759 *7 (10th Cir.). There are no allegations showing that the United States has waived its sovereign immunity from this suit. If Plaintiffs wish to assert claims against the United States Department of Justice or the United States Department of the Treasury, the amended complaint must clearly demonstrate that the United States has waived its sovereign immunity.

Order to Show Cause at 8.

The Court dismisses Plaintiffs' claims pursuant to 42 U.S.C. § 1983[2] against the United States Defendants for lack of jurisdiction. Plaintiff has not identified any legal authority showing

---

[2] The Court construes Plaintiffs' Section 1983 claims against the Federal Defendants as *Bivens* claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (stating that *Bivens* actions are the "federal analog"

4

that the United States has unequivocally waived its sovereign immunity for Plaintiffs' federal civil

rights claims against the United States Senate, the United States Department of Justice and the

United States Department of the Treasury.  The Amended Complaint does not name any individual

Federal Defendants against whom Plaintiff is asserting *Bivens* claims.  *See* Fed. R. Civ. P. 10(a)

("The title of the complaint must name all the parties").

**Claims Against the City and County Defendants**

Judge Khalsa also notified Plaintiff the Complaint fails to state a plausible claim pursuant

to 42 U.S.C. § 1983 against Defendants City of Albuquerque and Bernalillo County and explained:

> A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

> *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

to § 1983 actions). "In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the U.S. Supreme "Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)).  A "*Bivens* claim can be brought only against federal officials in their individual capacities.  *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies."  *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

. . . .

> "The Supreme Court has made clear that 'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" *Waller v. City and County of Denver*, 932 F.3d 1277, 1283-84 (10th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). There are no allegations explaining which City of Albuquerque and Bernalillo County employees deprived Plaintiffs of federally protected rights and how they did it. Nor are there any allegations showing that a City or County policy or custom was the moving force behind any constitutional violations.

Order to Show Cause at 5, 8-9 (stating "The amended complaint must explain what each defendant did to Plaintiff Luis R. Hill, when each defendant did it, how each defendant's action harmed Plaintiff Luis R. Hill, and, what specific legal right Plaintiff Luis R. Hill believes each defendant violated") (citing *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

The Court dismisses Plaintiffs' claims pursuant to 42 U.S.C. § 1983 against the City of Albuquerque and Bernalillo for failure to state a claim. The Amended Complaint contains the conclusory allegation that the "City of Albuquerque [and] Bernalillo County . . . ha[ve] committed a constitutional violation, and a policy(ies) or custom(s) was the moving force behind the constitutional deprivation." Amended Complaint at 7. Plaintiff does not, however, set forth factual allegations showing that City and County employees deprived Plaintiffs of federally protected rights and that a City or County policy or custom was the moving force behind any constitutional violations.

**Conclusion**

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case. *See*

6

28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.