**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LUIS R. HILL,
ESTATE OF PATRICIA K. HILL and
HOUSE WINE, LLC,

        Plaintiffs,

v.                                     No. 1:26-cv-00889-KG-KK

LINDA M. LOPEZ,
U.S. NEW MEXICO STATE SENATE,
CITY OF ALBUQUERQUE,
BERNALILLO COUNTY,
U.S. DEPARTMENT OF JUSTICE, and
U.S. DEPARTMENT OF THE TREASURY,

        Defendants.

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT,
ORDER DENYING MOTION FOR DISQUALIFICATION AND
ORDER DENYING MOTION FOR SERVICE ON DEFENDANTS**

*Pro se* Plaintiff Luis R. Hill ("Plaintiff Hill") filed this case on behalf of himself and on behalf of the Estate of Patricia K. Hill and House Wine, LLC.  *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 24, 2026 ("Complaint").  This case apparently arises from, among other things, Plaintiff Hill's dissatisfaction with a state court's resolution of Patricia Hill's will, a search of her home, the failure of government officials to issue a permit for a winery and an on-site vineyard, alleged bribery of government officials, the failure of the United States Senate and the New Mexico Senate to enact legislation against fraud, bribery, corruption and criminal drug behavior, and the failure of various government officials to enforce existing laws regarding criminal drug behavior.  Plaintiff Hill alleged that his, the Estate's and House Wine, LLC's constitutional rights have been violated by Defendants' actions.  *See* Complaint at 2.  Plaintiffs also asserted state-law claims for conversion and fraud.  *See* Complaint at 1-2.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff Hill of several deficiencies in the Complaint and ordered Plaintiff Hill to file an amended complaint. *See* Order to Show Cause, Doc. 5, filed March 27, 2026. Plaintiff Hill timely filed an Amended Complaint. *See* Doc. 6, filed April 10, 2026.

The undersigned dismissed this case and entered Final Judgment because the Amended Complaint failed to remedy the deficiencies identified by Judge Khalsa. *See* Order of Dismissal, Doc. 7, and Final Judgment, Doc. 8, both filed June 16, 2026.

Plaintiff Hill then filed three motions, now before the Court, for relief from judgment, for removal of the undersigned and Judge Khalsa and reassignment of the case to new Judges, and for service on Defendants. *See* Answer Certifying the Judge(s) Proved the Plaintiff Pro Se's Case of Fraud Against the Defendants and Motions the Administration of the Federal Court for the Immediate Request for Relief, which includes Belaying Their Order of Dismissal and the Removal of the Judge(s) and Their Opinions and Assign a New Judge, and Other Services, Doc. 9, filed June 25, 2026 ("Motion").

**Order Denying Motion for Relief from Judgment**

The undersigned dismissed this case because the Amended Complaint: (i) failed to show that the Court has jurisdiction over his claims against Defendants New Mexico Senate and State Senator Linda Lopez due to the State of New Mexico's Eleventh Amendment sovereign immunity and legislative immunity; (ii) failed to show that the Court has jurisdiction over his claims against the United States Defendants because it does not identify any legal authority showing that the United States has unequivocally waived its sovereign immunity; and (iii) failed to state a plausible claim against Defendants City of Albuquerque and Bernalillo County because it did not set forth factual allegations showing that City and County employees deprived Plaintiffs of federally protected rights and that a City or County policy or custom was the moving force behind any constitutional violations. *See* Order of

2

Dismissal at 2-6 (having dismissed Plaintiff's federal law claims, declined to exercise supplemental jurisdiction over Plaintiff's state law claims).

The Court construes Plaintiff Hill's Motion for relief from judgment as a Rule 59(e) motion because Plaintiff Hill filed the Motion 11 days after entry of Final Judgment:

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

Plaintiff Hill asserts the undersigned erred in dismissing this case because:

> The judge(s)['] analogies of the 11th Amendment are terribly imperfect and their naturalism of how they work with the Constitution faulted. The 11th Amendment (Amendment XI) is clear, and nothing can stifle it, it reads, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State . . . Article I supersedes the 11th Amendment. The jurisdiction of the Federal Court is proper.

Motion at 2-4.

The Court denies Plaintiff Hill's Motion for relief from the dismissal and Final Judgment. Plaintiff Hill has not cited any legal authority supporting his interpretation of the United States Constitution and its application to this case. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced"). Judge Khalsa and the undersigned explained, with quotations from relevant Tenth Circuit case law, the bases for their rulings. The Court is bound by and cannot disregard Tenth Circuit precedent. *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

3

**Order Denying Motion for Disqualification**

Plaintiff Hill seeks removal of the undersigned and Judge Khalsa from this case and the assignment of new Judges stating that the undersigned and Judge Khalsa did "not double-check[] the facts" and "are outside of their power to give sovereign immunity to anyone in this United States and have mislead the people with their laws of contradiction described by their Memorandum Opinion and Order of Dismissal."  Motion at 11-12.

Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

> [F]ederal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).
>
> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
> . . . .
>
> "In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations

4

considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original).

The Court denies Plaintiff's Motion for disqualification of the undersigned and Judge Khalsa. Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's or Judge Khalsa's impartiality. Plaintiff's argument that the Court did not double-check the facts and misapplied the law is not sufficient to warrant disqualification. *See United States v. Wells*, 873 F.3d 1241, 1252 (10th Cir. 2017) ("adverse rulings cannot in themselves form the appropriate grounds for disqualification").

**Order Denying Motion for Service on Defendants**

Plaintiff Hill "request[s] the Defendants served properly." *See* Motion at 12-14 (indicating that Plaintiff has unsuccessfully attempted to serve some Defendants). The Court denies Plaintiff Hill's Motion to serve Defendants because this case remains dismissed. Furthermore, Plaintiff Hill paid the filing fee, *see* Doc. 3, and thus is responsible for service; Plaintiff Hill is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which requires the Court to serve defendants.

**IT IS ORDERED** that Plaintiffs' Answer Certifying the Judge(s) Proved the Plaintiff Pro Se's Case of Fraud Against the Defendants and Motions the Administration of the Federal Court for the Immediate Request for Relief, which includes Belaying Their Order of Dismissal and the Removal of the Judge(s) and Their Opinions and Assign a New Judge, and Other Services, Doc. 9, filed June 25, 2026, is **DENIED.**

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.